UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MIRAMONTES,<br><br>               Plaintiff,<br><br>    v.<br><br>OFFICER MEYERS,<br><br>               Defendant. | Case No. 1:23-cv-00204-ADA-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD |

This matter comes before the Court upon periodic review. As more fully set forth below, the undersigned recommends the district court dismiss this case without prejudice due to Plaintiff's failure to prosecute this action by keeping the Court apprised of a current address.

**I.    FACTS AND BACKGROUND**

Plaintiff Paul Miramontes, a state prisoner, commenced this action by filing a pro se civil rights complaint under 42 U.S.C. § 1983 in Kern County Superior Court on October 18, 2022. (Doc. No. 1 at 7). On February 10, 2023, Defendant removed the case to this Court. (*Id*. at 1). On February 13, 2023, the undersigned issued Prisoner New Case Documents to Plaintiff. (Doc. No. 3.). On February 27, 2023, the Court's February 13, 2023 mailing was returned as

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Ca. 2019).

1  "undeliverable."  (*See* docket).  Under this Court's Local Rules, Plaintiff's change of address was
2  due no later than May 1, 2023.  Local Rule 183(b).  That time period has expired and Plaintiff has
3  not filed an updated address as required by Local Rule 182(f).  (*See* docket).

## II. APPLICABLE LAW

This Court's Local Rules require litigants to keep the court apprised of their current address and permits dismissal when the litigant fails to comply.  Specifically:

> "[a] party appearing *in propria persona s*hall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

E.D. Cal. Loc. R. 183(b) (2019); *see also* Local Rule 182(f) (all parties are "under a continuing duty" to notify the clerk of "any change of address.").  Precedent supports a dismissal of a case when a litigant does not keep the court appraised on his address.  *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988) (affirming lower court and finding no abuse of discretion when district court dismissed case without prejudice after pro se plaintiff did not comply with local rule requiring pro se plaintiffs keep court apprised of addresses at all times); *Hanley v. Opinski*, 2018 WL 3388510 (E.D. Cal. July 10, 2018) (dismissing action for failure to prosecute and failure to provide court with current address).

Alternatively, Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss an action when a litigant does not prosecute an action or does not comply with a court order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances.").  Local Rule 110 similarly permits courts to impose sanctions on a party who fails to comply with a court order.  Further, the procedural rules that govern this Court are to be "construed, administered and employed by the court . . . to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.

Involuntary dismissal is a harsh penalty, but it "is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. *See Applied Underwriters*, 913 F.3d at 889 (noting that these five factors "must" be analyzed before a Rule 41 involuntarily dismissal) (emphasis added); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and independently reviewing the record because district court did not make finding as to each); *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same, but noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when plaintiff did not amend caption to remove "et al" as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

### III.   ANALYSIS

The undersigned considers the above-stated factors and concludes they favor dismissal of this case. The expeditious resolution of litigation is deemed to be in the public interest. *Yourish v. California Amplifier*, 191 F.2d 983, 990-91 (9th Cir. 1999). Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated. This Court has "one of the heaviest caseloads in the nation," and due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. The Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the

docket, and those in the best position to know what that is are our beleaguered trial judges."). Delays have the inevitable and inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor.  *See Sibron v. New York,* 392 U.S. 40, 57 (1968).  Further, the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

A case cannot linger indefinitely on this Court's already overburdened docket.  A dismissal of this action for failure to prosecute and failure to comply with the Court's Local Rules is in accord with Ninth Circuit precedent.  More than 63 days have passed since mail was returned as undeliverable and Plaintiff has not updated his mailing address or otherwise contacted the Court and Local Rule 183(b) expressly permits dismissal in this circumstance.

Accordingly, it is **RECOMMENDED**:

This case be dismissed without prejudice for Plaintiff's failure to prosecute this action under Local Rule 183(b).

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   May 8, 2023

*/s/ Helena M. Barch-Kuchta*
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE